May proceed. Yes, good morning, or almost good afternoon, Your Honors. My name is Kathleen Herkenoff. I'm with the Weiser Law Firm. The Weiser Law Firm is counsel for plaintiff-appellant George Assad. I also have with me here today Louis Foyarski from the Glancy Firm, who is counsel for plaintiff-appellant Mr. Dennis. And as Your Honors are probably aware, these appeals sort of trickled in lockstep together because the cases at the lower court level were not consolidated before they went up on appeal. Therefore, I'm going to address the primary arguments in the Assad case for about 12 minutes. I'm going to yield to my co-counsel for about six minutes, and we hope to reserve two minutes for rebuttal. So with that, I'll proceed. We are very thankful for Your Honors' order on Friday asking us to address additional cases. We think those cases are very helpful to the plaintiff's position here. And before I go into those cases, I just want to briefly touch on the underlying facts of the case just so we all have an understanding of what we're here for today. These are two state court actions that were filed to address what the plaintiffs felt were improper compensation decisions by the board of directors of PICO Corporation, a California corporation. Now, just as a matter of coincidence, the Dodd-Frank Act was passed in 2010 and provided shareholders a non-binding advisory vote, which did occur in this case. That vote on the very compensation at issue was a negative vote of about 61% of the shares. At no time are plaintiffs suggesting that this case seeks to have liability solely for that vote or that it is because of the vote that the case was filed. But obviously the vote is a significant factual item that plaintiffs would have been remiss not to include in their pleadings. So what happened at the lower court level, we were on either of the motions and they were decided at the same time with the sort of confluence of events that certain claims, the lower court or the district court remanded saying that they were California state claims. In my client's case, the Assad case, he held that the third cause of action was a cause of motion to remand. Is that your question, Your Honor? Yes. What happens if we agree with you that there is no federal question jurisdiction here? The consequence of that, if you agree, the entire case will go back to the state court, which is eagerly awaiting to have a CMC on this matter. And the parties will set a schedule to brief Demurrer. There may be a chance for an amended pleading. And those are all facts that are sort of in the future. So just to think this through, if we agree with you, we would say the district court was mistaken in ruling that you didn't state a claim, right? Two things. The district did state was a state claim. And he would not then have jurisdiction over any of the state claims. Correct. And so that's how it gets back to state court. Yes. And that's the way you see it? Yes. Yes. And I think the only reason there aren't, part of the case is not currently going forward in state court is because the defendants have simultaneously cross-appealed in this case. So the state court is waiting for the resolution of this so that it may proceed. Eagerly, according to you. Yes. They have so much time for civil cases these days. We've actually kicked the CMC, I think, at least twice now. So I wanted to... CMC, what do you mean by that? Case Management Conference. I apologize, Your Honor. I wanted to touch briefly on what really is the third cause of action in the Assad case, just so we're clear on what the plaintiffs were and are trying to allege. I also wanted to bring to the Court's attention two additional cases that were not cited in the third cause of action. It's loosely stated in the claim is a failure to respond to the vote. Defendants have jumped all over that to say that the vote is non-binding, there is no liability for the vote. And we don't disagree that under Dodd-Frank, there is no liability for a non-binding advisory vote. The question is different, though, whether there's state court liability. And there's a case that just came out in the Eastern District of North Carolina, September 26, 2012. Haberland versus, and I'm going to not pronounce this correctly, Bull-Kelly, B-U-L-K-E-L-E-Y. It's 2012 West Law, 4788442. You can give the citation to the clerk afterwards. Have you given the citations to your opposing counsel? Your Honor, I did not. So after the argument, give the citation to the clerk. And the argument in that opinion is, as we've said here, although Dodd-Frank does not require that the defendants respond to a negative say on pay on vote, it also does not preclude them from imposing such an obligation on themselves. And then it goes on to state, and I'm paraphrasing, that where the defendants have essentially spoken up to the shareholders and said they will take some action, and then they do not, the state court authorities, and this opinion cites the well-known Malone case from Delaware and several other Delaware state authorities, that itself is a different issue. So it's one thing to have a vote. It's a simple fact. But the next question is, well, what did you tell shareholders you were going to do about that? I'm sorry. This Haberland case is a federal district court case? Yes. How did they have jurisdiction? In this case, I don't believe the parties challenged the jurisdiction. I think it was either a diversity – yeah, it was a diversity case, Your Honor. So just turning briefly to the record in this case, the complaint of my client, which is in the excerpt of record volume 1 of 1, page ER 215, excerpt of record, paragraph 46 of my client's complaint, in the proxy, defendants also explicitly stated that, quote, our board of directors, including our compensation committee, value the opinions of our shareholders. And to the extent there is any significant vote against our named executive officer's compensation, as disclosed in this proxy statement, we will consider our shareholders' concerns and evaluate what actions, if any, may be appropriate to address those concerns. Continuing on in the excerpt of record, still in the complaint, there are other references to the fact that they essentially gave lip service to this case, and that's what I'm trying to – Counsel, you know, you're taking a lot of your time. I apologize. What about addressing the federal jurisdictional question? I will get to that. You said our order was helpful, so how did it help you? Well, essentially all the cases support us, Your Honor. The third cause of action is not preempted in any way under the artful pleading doctrine. The third cause of action is not necessarily federal in any way, but is a significant or disputed issue of federal law. Those three factors of artful pleading. And each case, the preemption case of Marin General Hospital versus Modesto, one of the cases that the Court brought to our attention, at 943 of that case states, because claims could not be pursued under ERISA and because they rely on legal duties that are independent from duties under any benefit plan established under ERISA, we hold that they are not completely preempted. And then it cites the Davila U.S. Supreme Court test on preemption, which essentially at 946 of that opinion, under Davila a state law cause of action is completely preempted if an individual at some point in time could have brought the claim under ERISA, and two, where there is no other independent legal duty that is implicated by the defendant's actions. So here, everybody has agreed. There is no private right of the federal court for failing to respond to a say-un-pay vote. There is, however, as set forth in the Bukele case that I cited your honors to and as detailed in our opinion, there are state law claims when you tell somebody we're going to take action in response to that vote and then you fail to do so. And that's why I belabored that point, because I wanted your honors to understand the distinction there between what our third cause of action is and what the state law is really alleging. So that preemption case is very helpful. Similarly, ARCO. Again, if there's no ‑‑ You don't have to discuss them all. I just wanted to bring you back to the point of jurisdiction. Yes. I mean, ARCO, complete preemption is rare. And here, where there's no Dodd-Frank remedy, no claim, it does not displace the state law. That's our view of the ARCO opinion. The remedy ‑‑ there's no federal remedy, so there's no preemption. That's base 1116 of ARCO opinion. I'm sorry. The Proctor v. Vichey case, that was a Slusa case. Obviously, the defendants aren't contained. We have Slusa claims. There aren't Slusa claims. The Wasserstein case out of Southern District of New York made that clear. I don't think that's why your honors directed us to that opinion. It was basically to focus the party's attention on the federal question, jurisdiction, and what the issues are. The district court reached out to address one of your claims and decided that as a matter of federal law interpreting the nature of Dodd-Frank. So the question that's being posed to us is what Judge Silverman asked you at the beginning. If we agree with your position, does that mean we vacate the ruling on your third cause of action and remand the entire case? Or as counsel for your opponents are going to tell us, no, he was properly exercised in jurisdiction and should have retained jurisdiction over all the claims. It's the former, your honor. It should be vacated and the entire thing remanded. And I would just point, even though Slusa doesn't apply here, it's very, by distinguishing it, very strong in terms of specifically saying these actions go to federal court. Here we have Congress saying this doesn't change underlying state duties. There's no provision in Dodd-Frank saying that these cases have to be brought in federal court. And under Proctor v. Vichey, all the claims must go back to the state court. You know, the other cases you cited. You may want to let your co-counsel have some time. I will. I guess the other cases essentially go to the same point, that the claims here aren't federal in character. There's no substantial disputed issue of federal law. The vote is simply a fact. It's simply a fact of what shareholders thought of the compensation. And I would also just briefly, if I have nine seconds left, there was actually another opinion out of the Northern District of California, Boxer v. Accuray. It's November 29, 2012. Judge Armstrong remanded a class breach of fiduciary duty claim in an action involving a negative vote under Dodd-Frank. Again, why don't you get the citations to the clerk. We'll take a look. Thank you very much. Thank you. Or put them in a 28-J letter, one of the two. Good morning, Your Honors. Louis Boyarsky on behalf of Appellate Dennis. The Assad action and the Dennis action share the same procedural history. Where they remanded each of the six state law causes of action that Appellate Dennis asserted in his complaint. But what it did was dismiss paragraph B of the prayer for relief in the complaint, which sought declaratory relief that the Board of Directors of PICO was not entitled to the safe harbor of the business judgment rule. So what we're asking the court to do is find that the district court did not have jurisdiction to dismiss that paragraph and remand that along with the six causes of action that the district court already remanded. Did you also make a motion to remand? Yes, we did. The essence of Appellate's action is that cross-appellant defendants breached their fiduciary duties when they awarded excessive executive compensation. And the complaint is replete with allegations that the company was performing poorly and then comparing the poor performance with the compensation. Additionally, the complaint alleges that the negative shareholder vote provides evidence that the Board of Directors of PICO did not act in a rational business manner. In paragraph 43 of the complaint, it says as much. And paragraph 43 of the complaint can be found in ER 36, in our excerpts of record, page 36. Paragraph B, the prayer for relief, follows that concept. It says that the Board of Directors of PICO seeking declaratory relief that the business judgment rule is rebutted under California law, not federal law. There is nothing to suggest in the complaint that Appellate's claims are federal in nature. To the contrary, paragraph 49 of the complaint specifically states that Appellant brings his actions pursuant to California Corporation Code 800, not FRCP 23.1. And thus it necessarily follows that the declaratory relief claim is under California law, not the Federal Declaratory Relief Act. And that reading of Appellate Dennis' complaint, that construction, that its causes of action are firmly rooted in state law, should be the construction that this court gives based upon its decision in Lippitt v. Raymond James Financial Services. In Lippitt, applying the well-pleaded complaint rule, this court found that while the complaint was not the model of clarity, it could be read in the way that Appellant asserted. Moreover, this court appointed the parties to Berg v. Leeson. In that case, this court found that although federal law played a preliminary threshold, state law claims were not converted into federal claims just because federal law played a preliminary threshold. Thus, just because the Dodd-Frank law provided for the sheriff's complaint, the state law claims were not converted into federal claims just because the sheriff's complaint was not converted into federal claims just because the sheriff's complaint was converted into federal claims just because the sheriff's complaint was converted into federal claims, that has nothing to do with the analysis of whether or not business judgment rule was rebutted. Business judgment rule is a construct of California law pursuant to California Corporation Code 309. Cross-Appellants misinterpret the application of Dodd-Frank that Dodd-Frank completely preempts Appellant Dennis' and Assad's state law claims. That is not the case. Congress specifically sought to preserve the state law fiduciary framework. And in addition, looking at Marin General Hospital, it's clear there's no complete preemption here. The declaratory relief claim does not arise under federal law, and there are independent legal duties implicated, those being the state law fiduciary duties. But they're founded on the vote, which is required by federal law. In other words, without Dodd-Frank, you have no prayer for relief here. Well, Dodd-Frank specifically requires the vote, but we're not alleging a violation of Dodd-Frank. We're alleging a violation of state law. But, yes. I understand your theory, but in a sense, on this particular claim, you're asking for a declaration that it may require a construction of the reach of Dodd-Frank, don't you think? And what I would respond is, defendants may have a defense of conflict preemption, but that defense is not a requisite for federal jurisdiction. In Marin General Hospitals, in ARCO Environmental, and I think in Franchise Tax Board, we have a defense of conflict preemption, but the law, this court, and in the Supreme Court, said that conflict preemption does not create federal jurisdiction. So, I would argue that the district court did not have jurisdiction over the declaratory relief claim, especially since the Federal Declaratory Relief Act does not provide jurisdiction on its own. However, if the court does find there was jurisdiction over that claim, the court still should not disturb the remand order, and that's because of Procter v. Vishay. In that case, this court was dealing with SELUSA preempted claims and state law claims, and although the SELUSA preempted claims were dismissed, the state law claims were allowed to be remanded and proceeded in state court. Okay. You're down to about two minutes. Do you want to reserve? Yes, Your Honor. May it please the Court, Robert Brownlee, on behalf of Appellees and Cross-Appellants, PICO Holdings, and the member of its Board of Directors, the key issue here, Your Honor, is jurisdiction, because the jurisdiction issue resolves both the appeal and the cross-appeal, and the jurisdiction issue also is intertwined with the issue on the merits. This case, these cases arise from a federally mandated say-on-pay vote that was required by the Dodd-Frank Act. These cases were properly moved because the expressed allegations in the complaint and the substance of the claims alleged are based on a duty imposed by federal law. Well, if there's a duty under federal law to file a proxy statement, does that preclude any state jurisdiction under fiduciary state law about a Board of Directors that fails to file a proxy statement? There are parallel requirements under state law to communicate with shareholders that a plaintiff could pursue. If we're talking about a proxy claim, about the content of the proxy statement, that can be pursued under state law under the duty of fiduciary state law. It's the same situation present here. Dodd-Frank says there should be a vote, okay? And it's non-binding, and there's no right of action to enforce this in federal court, because you don't have any authorization for suit. It doesn't impose any additional duties. So why isn't your posture in the state court to enforce a duty of fiduciary state law that the Dodd-Frank law may be implicated here, but it's nothing more than conflict preemption? How can you get complete preemption or exclusive jurisdiction out of the Dodd-Frank Act? There are three ways, Your Honor. One involves the jurisdictional provisions of the Securities Exchange Act of 1934, of which Dodd-Frank is part of. And I'll come back and explain how that works. The other is to the Court's question about the duty of candor under state law versus disclosure obligations and proxy statements. There's something very unique about the Dodd-Frank vote and on the face of the statute and the duties that it does create. And the other is... Well, why don't you explain that? And I will start with that one first, Your Honor. In Dodd-Frank, Congress mandated that publicly registered companies, companies registered under the 34 Act, hold at least once every three years an advisory vote on executive compensation. And that was an unusual move for a couple of reasons. Number one, under state law, there is no requirement to hold any advisory vote. So that makes this different from the proxy duty of candor situation because independent of the federal proxy requirements, there is a duty to communicate with your shareholders under state law. There is no duty to hold an advisory vote or any vote on executive compensation. There is an obligation. Why does that matter? It matters because, Your Honor, any claim that arises from that vote is necessarily the result of that vote and that federal mandate as opposed to some parallel state obligation. Well, no, not necessarily. Let's take another example. And you tell me if I'm mistaken. Let's take, for example, OSHA. There are negligence claims founded on OSHA violations all the time. And the argument is that OSHA is a violation of the federal mandate. And the argument is that the federal standards establishes the duty of care. In this case, they're arguing the federal standard may establish a duty, a standard of care for the breach of fiduciary duty. But that doesn't transform every negligence case into a federal issue case. And I would submit Dodd-Frank doesn't challenge every case alleging breach of fiduciary duty into arising from a compensation decision like the celebrated case involving Disney and Michael Eisner into a federal case. But the way these complaints are pled here make a difference. And that goes back to... Okay, go ahead. But here's their argument, as I understand it, is that Dodd-Frank imposed a duty on you to hold a vote. They're not claiming you breached that duty because you did hold a vote. What they're saying is the response to the vote breached the proxy statement, said you're going to take it seriously. And they said, well, that was a self-created duty and you violated that. It's a state law claim. What's wrong with that argument? Because they actually allege more than that, Your Honor. And if I can give some more background on Dodd-Frank and what's so unusual about this is that one reason why state law doesn't impose any obligation to hold these votes is that under state law there is a separation of ownership and control. And the issue of control and management in the company is solely within the exclusive province of the Board of Directors. That sounds like the argument you make in state court. And I'm getting to why this impacts here. And that is a defining characteristic of a corporation. And so because Congress stepped in and put in this federal obligation requiring something that shareholders have no right to do under state law, it was very careful to also say that this law not only doesn't apply, create an independent duty, but Congress was much more nuanced than that. In the Dodd-Frank provisions at issue, it says that these obligations also do not alter the state law of fiduciary duty. And that statute, fiduciary duties in this respect, only arise out of state law. So when Congress said it doesn't alter the law of fiduciary duty, it was necessarily talking about state law. And why this case is different, say, than the Eisner case, and why the allegations in this case put this in front of a federal court, raise the federal issue, and implicate a duty that's different. In both complaints, the plaintiffs allege that the vote and the outcome of the vote altered the fiduciary duties of the board. In both complaints, plaintiffs specifically allege, and these cases didn't coincidentally arise out of the compensation decision, and somehow this vote popped up. In numerous places in each complaint, they identify the vote, and they went further. They said, as a result of the vote, the normal business judgment rules presumptions don't apply. They didn't say this is a matter of the state law issue. It's not, because the obligation to hold the vote, Your Honor, is a federal issue. And Congress said... It held the vote. Now you're talking about the consequences. You're saying Dodd-Frank mandates that no liability attached to it as a matter of federal law? Is that what you're saying? That's part of it, Your Honor. The other part of it is that Congress said holding this vote also doesn't change or alter the fiduciary duties. As a matter of good business judgment? You're saying that that's what the Dodd-Frank legislation says? That it's a matter of the state law? That's what the Dodd-Frank legislation was doing, was exactly preempting on that issue? That's precisely what Dodd-Frank did. That's a conflict preemption, isn't it? That's not complete preemption. With respect to the issue of the vote and the consequences of the vote, that is solely an issue of federal law. That would be a big bit, Counsel. You haven't got me to complete preemption here. There is only a conflict preemption, and that's not enough. Right. And so there's a separate aspect for federal jurisdiction that I mentioned earlier, and that's under the jurisdictional provisions of the 34 Act, and that's at 15 U.S.C. 78 A.A., which provides for exclusive federal jurisdiction for all suits and executions of federal law. And this is a law that states that there are no actions or inequities or actions that law brought to enforce any liability or duty created by this chapter. What duty do you think they're enforcing? They're trying, they, through their allegations in the complaint, have attempted to alter, based on the vote, the fiduciary duties of the Board. They expressly allege that the vote changes the statute, and Congress said they can't do. I don't read their claim to be that way. I read their claim to say this vote is evidence that it was unreasonable to give a raise under the circumstances. And I don't see where the statute says it can't be, the vote can't be used as evidence. What they alleged is in light of the vote, this is from the, I'm reading from page 17 of the Dennis complaint, paragraph 49, they allege in light of the adverse shareholder vote, the presumption of the business judgment rule surrounding the PICO Board's 2010 executive compensation decisions has been rebutted. Yeah, but the sentence that starts that paragraph, although advisory in nature, the vote is nonetheless evidence that the 2010 pay hikes were irrational and unreasonable under the circumstances. And this just goes to show they were thumbing their nose at the shareholders. And this is evidence of it. You know, they were the masters of their complaint, and they alleged it both ways. They said it was evidence. They also said it was evidence. So what about the evidence part? With respect to the evidence part, if that's all they had alleged, Your Honor, then this would be a different circumstance. They have alleged that the vote changed the statute, that the vote changed the presumption of the business judgment rule. They're not saying it's evidence that the business judgment rule has been rebutted. They said the vote itself changes the business judgment rule presumption. So explain to me again why you think that's not a defense in state court. I mean, in the sense of getting remanded to state court, you're going to say conflict preemption. That defense is preempted. But that doesn't give you federal jurisdiction. It goes back to the jurisdictional provision of the 34 Act that says an action to enforce liability as a result of a duty imposed by the 34 Act, and the 34 Act imposes this duty, provides federal courts with exclusive jurisdiction. And that's how this case is different. This is more like the Sparta case that we cite in our briefs. It's more... Sparta is involved with NASDAQ rules. This involves a statute requiring the say-on-pay vote and what Congress said about the say-on-pay vote. And if it were just merely Congress stating that there's no claim or cause of action, it went on to say, under federal law, it went on to say that there's no change to the law of fiduciary duty, which is solely a state law issue. And again, holding the vote was required under federal law, under the 34 Act. It was a duty that they attempted to discharge under the 34 Act. And the plaintiff is attempting to allege liability as a result of the discharge of that duty. And that is within the jurisdictional provisions of the 34 Act, 78AA. They're attempting to impose liability, enforce liability for a duty required under the 34 Act. If you took Dodd-Frank out of the 34 Act and you put it someplace else where there is no exclusive jurisdiction for the federal courts on those issues, then the plaintiffs would have a different argument. But this statute is part of a very carefully considered, tightly controlled statutory scheme where Congress knew that it was intruding on areas normally reserved for state law, imposed a federal duty, not a state duty. There is no parallel obligation under state law. It exists only under federal law. So, counsel, you're just making the case for it being a state law issue. I don't understand. They're not trying to bring a case that says Dodd-Frank imposes some kind of duty. What they're saying is the vote was taken, and now that the vote has been taken, you're just saying Congress said, this is carefully delegated to the state. So now the state, arguably, is free to give legal consequence under state law to the director's response to that vote. They're not saying that they violated the law of even California by having the vote taken, and it's up to the state to decide whether or not that vote was taken. It's up to the state to decide whether that factors in in the board's compliance with Dodd-Frank, factors in to the state's assessment of the legal consequences of what the board of directors does with respect to that vote. And you can assert in California law, in the California courts, that if the California court were to give any effect, it would be contrary to the Congress. It would be contrary to the language they're pointing to. That's a conflict preemption. Nobody's saying you can't make that argument. I understand that argument. If our only argument for federal jurisdiction was conflict preemption, which we haven't come forward with, because I understand that if it were only conflict preemption, that would be an affirmative defense in state law. But if it were only conflict preemption, that would be an affirmative defense in state law. If the board of directors is trying to impose liability under the 34 Act, and they're trying to impose liability based on a duty that exists under the 34 Act, there is exclusive federal jurisdiction under 78AA. Let's assume hypothetically that a corporation decided to hold an advisory vote every year. In other words, go further than Dodd-Frank. Okay? And let's say that there was an overwhelming majority of the shareholders that said, we think the compensation is too high on this advisory vote that was not conducted pursuant to Dodd-Frank because it was just conducted in the base of the corporation. Do you think that advisory vote could be evidence used on a breach of contract, breach of fiduciary duty case? I would say no, Your Honor, because the advisory vote doesn't exist under state law. Dodd-Frank doesn't say you can't hold a vote more frequently. It says no less than once every three years. Do you think board of directors are precluded from holding advisory votes at shareholder meetings on any issue? The board of directors has the ability to put questions before the shareholders, but that's not this case. There's no dispute that this was a Dodd-Frank. But your position is that even if the board of directors decided to do that voluntarily, not required by Dodd-Frank, but certainly inspired by Dodd-Frank, that suit, based on that, would also be preempt. Your Honor, I think there's an argument that it can be preempted, but that's not this case. Well, I know it's not this case, but it's pretty close to this case in the sense that you have an advisory vote, they just want to use the evidence. To the extent they want to use the duty, you can claim preemption as a defense. It's pretty tough to spring forward federal jurisdiction on all that, I think. Exclusive federal jurisdiction. The key issue is the duty, and the jurisdictional provisions under the 34 Act provide, if you attempt to impose liability, based on a duty that's created within the 34 Act, the federal courts have exclusive jurisdiction. Proxy statements, a duty imposed. There are duties under both federal law and state law with respect to proxy statements and the duty to communicate with shareholders. If you have a private company, there still is the ability to have proxies and communicate with shareholders. What are the limits to your argument that the 34 Act creates a federal duty that is carried out, or not carried out, but in this case was carried out, for California to give some weight to that duty? There is no weight to what the board did in response to that. The key distinction here is that this duty only exists under federal law. It doesn't exist at all under state law, which makes it different from the proxy situation. Well, so what if California then says, we like this, as Judge Thomas was saying, we agree, we will create a state duty to hold a Dodd-Frank type of election? Same time schedule, everything. Is your argument that they can do that? There's a whole issue that invokes the supremacy clause if they attempt to take the consequences of the vote and extend it beyond Dodd-Frank. Let's say California requires it every year, or the relevant state requires a vote every year and Dodd-Frank says three. Then perhaps you look at the off years and there's separate issues, but that's the way the 34 Act works and the securities law works. There are certain disclosures that are exclusive under the federal laws and exclusively within federal courts. There are certain disclosures to shareholders that are not. An example is in a registration statement where there's concurrent state and federal jurisdiction and that's set forth within the federal statutes. Given that there's no liability for having these votes, for not having the vote under Dodd-Frank, do you really think that Senator Dodd and Representative Frank intended to immunize boards of directors from compensation decisions and breach of fiduciary lawsuits? Not at all, Your Honor. Had they pled this complaint without reference to the vote, had they not preceded the filing of the complaint by issuing press releases saying they were seeking to hold this board liable because of the vote, they had plenty of time. After the disclosures were made about the compensation decisions that preceded the vote by six months, there were disclosures made to the market that preceded the vote by 120 days. There was a lot of time in the process. There was no case until after the vote occurred and that is the situation that Congress sought to prevent and it was in the discharge of the federal duty that makes this matter subject of the exclusive federal jurisdiction and that, as I started, Your Honor, is a key issue. If there is jurisdiction, the court should have kept the case and then went on to dismiss it, the entire case, because they seek to alter the fiduciary duties of the board as a result of the vote. Thank you, Your Honor. Your Honors, counsel makes essentially a post hoc ergo prompter argument that because the actions were filed after the vote, necessarily they're federal in character, but as I stated earlier, these actions are about the excessive executive compensation of people. Except the vote is pretty much the keystone of both your complaints. I mean, you have to say that. Yes, but they could be standalone without any reference to Dodd-Frank whatsoever. But you didn't plead it that way. That's correct. And if we had pleaded that way, I would suspect that they would have said the cases were filed prematurely. But under their analysis, what would happen is we would file before the vote. Then we would have sought to amend saying that the vote is evidence that the board didn't act with, further evidence that the board did not act with rational business judgment. And then they would have been able to remove us and dismiss our case in the entirety. And I don't think that's what Congress intended. Congress sought to preserve the framework of state fiduciary duties. And I would analogize this to the courts. Before you come up with your analogy, we've been using proxy, carrying out proxy obligations. Respond to their argument that this is distinguishable from noncompliance with proxy obligations because there's a parallel California duty of candor obligation. What analogy do you come up with which governs the fiduciary actions of California boards of directors where they are held fiduciaries held to comply with applicable federal mandated duties of a board of directors where there isn't some kind of parallel California statute or whatever, where basically they look to compliance with federally mandated obligations of a corporation, of a board. Is there anything? Off the top of my head, I can't think of it, Your Honor. But I would say that referring the court to its ARCA environmental decision where there was the CERCLA law that the parties were having to be held accountable to and then you had state law cause of action, that would be a similar situation. But off the top of my head, a California scenario, I can't think of at the moment. But I would say that the reach of fiduciary duty here is not just about duty of candor, it's about corporate waste, gross mismanagement. And that is something that Congress sought to preserve, those types of state law cause of action. But explain to me why you think that your declaratory judgment action, which you seek to declare that the business judgment rule of California has been essentially overcome by a federally mandated shareholder vote, doesn't implicate some construction of a federal statute? The state judgment rule is wholly based upon California law. It's laid out in California Corporation Code 309. So it's a fact that there was a shareholder vote required by Dodd-Frank, but you don't have to analyze any federal law. And that's the way Congress specifically intended it. They did not want to create any sort of federal fiduciary duties because there is a state law framework. Thank you, counsel. The time has expired. The case just heard will be submitted for decision. Thank you for your arguments, and we'll be in recess for the morning. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Thomas, Silverman, Fisher